## T. F. GORDON v. STATE.

No. A-4317. Opinion Filed April 19, 1924.

(224 Pac. 734.)

(Syllabus.)

1. **Intoxicating Liquors—Evidence Supporting Conviction for Illegal Manufacture.** The evidence, in part circumstantial, held sufficient to support the verdict.

2. **Trial—Instruction on Circumstantial Evidence Held Sufficient.** An instruction that the circumstances pointing to the guilt of the accused, taken together, must be of a conclusive nature, producing a reasonable moral certainty that the accused and no other committed the offense, under the circumstances proved, was sufficient.

Appeal from County Court, Cotton County; J. C. Norman, Judge.

T. F. Gordon was convicted of the illegal manufacture of intoxicating liquor, and he appeals. Affirmed.

D. B. Madden and Walter Hubbell, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. This is an appeal from a judgment of conviction rendered against plaintiff in error on the 22d day of February, 1922, in which he was sentenced to pay a fine of $300 and serve a term of 110 days in the county jail of Cotton county.

A number of officers, under authority of a search warrant, went to the farm and premises of plaintiff in error, hereinafter referred to as the defendant, and there made a search for whisky and the means and implements of manufacturing whisky. In a straw stack, some 300 or 400 yards from defendant's house, these officers found a hidden room constructed of lumber, about 8 by 12 feet in dimensions, covered and surrounded by straw in such manner as not to be noticeable from the outside except upon careful examination. In this room they found a wooden vat in which there was a quantity of grain mash in the process of fermentation, about two gallons of whisky in an 8-gallon container, an oil stove, and other appliances. Not far from the house of defendant, near the hogpen, they found two barrels partly full of old mash.

The straw stack was in a field which had been recently seeded to wheat, not far from a division fence adjoining a pasture. There were wagon tracks leading from defendant's house to the straw stack and also tracks leading to the fence opposite the stack in the pasture.

It appears that when the officers arrived to make this search they found the defendant, his son, and a Mr. Starky working on an automobile some distance from the house. During the search Starky disappeared and has not been since apprehended. Starky had been staying at defendant's home at intervals for some weeks.

The defendant denied that he manufactured whisky or had anything to do with the hidden plant in the straw stack, or that he knew anything about it, and sought by his testimony to show that Starky or some other person was responsible for the plant being there.

The defendant claims that this conviction rests on circumstantial evidence, and that the evidence, as outlined above, is not sufficient to support the verdict, in that it is not inconsistent with defendant's innocence and not incapable of any other reasonable explanation except upon the ground that he is guilty.

The record does not support this claim. The testimony of the officers was that they detected the presence of fermenting mash by its odor long before they reached the straw stack, and the defendant, in seeding the surrounding field to wheat, must have known of the presence of the mash and and must himself have been responsible for its presence, or else have co-operated with some other person in placing it there. All the circumstances point conclusively, as we see it, to the defendant's connection with the mash and the operation of the hidden plant.

The defendant complains of some of the court's instructions to the jury, particularly of the instruction upon circumstantial evidence, which was as follows:

"You are instructed that, in order to warrant a conviction on circumstantial evidence, each fact necessary for the

conclusion sought to be established must be proved by competent evidence beyond a reasonable doubt. All the facts—that is, the necessary facts to the conclusion—must be consistent with each other and with the main fact sought to be proved, and the circumstances taken together must be of a conclusive nature, leading on the whole to the satisfactory conclusion and producing in effect a reasonable and moral certainty, that the accused, and no other, committed the offense charged.''

This instruction sufficiently stated the law applicable to circumstantial evidence, and the concluding sentence is equivalent to instructions approved by this court, to the effect that the facts proved must be consistent with each other and with the main fact sought to be proved, so as to exclude, to a moral certainty, every reasonable hypothesis except the guilt of the accused.

Furthermore, the objection urged is not of such a grave nature as might arise under other circumstances. The facts proved, strictly speaking, were not wholly circumstantial. The deductions of the jury, as shown by their verdict, might reasonably flow from the direct evidence before them.

The instruction given relating to aiding and abetting, under the circumstances proved, was sufficient.

Defendant complains that the court excluded certain testimony of a witness for the defense concerning traces of old roads and wagon tracks leading from the defendant's premises and passing from the section line into the pasture adjacent to the straw stack; the witness testifying from observations made a month or more after the defendant's arrest. The exclusion of this testimony, under the circumstances, could have worked no prejudice to the defendant.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.